UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ANTHONY MACHIAVELLI, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15-cv-00340-JDL |
| | ) | |
| CAPTAIN HAROLD ABBOTT, JR., | ) | |
|    et al., | ) | |
| | ) | |
|    Defendants | ) | |

### AMENDED[1] RECOMMENDED DECISION AFTER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A

In this action, Plaintiff Anthony Machiavelli, who is incarcerated at the Maine State Prison, alleges that Defendants violated his constitutional rights in connection with a prison disciplinary charge for which he was prosecuted. More specifically, Plaintiff asserts procedural irregularities related to the reporting of the disciplinary charge (a charge of Disturbance Class A) and the conduct of the disciplinary hearing, including a failure to review Plaintiff's submissions and call witnesses. (Complaint ¶¶ 9 – 16.) Plaintiff filed an application to proceed in forma pauperis, which application the Court granted. (ECF No. 5.)

In accordance with 28 U.S.C. §§ 1915 and 1915A, a preliminary review of Plaintiff's complaint is appropriate. Following the review, I recommend that the Court permit Plaintiff's retaliation claim to proceed against certain defendants, and dismiss Plaintiff's other claims.

---

[1] The Amended Recommended Decision is issued to delete the final two sentences that were included in original footnote 6, which is now footnote 7. The sentences referenced an unrelated matter and were inadvertently included in the footnote.

**STANDARD OF REVIEW**

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S.D. Iowa*, 490 U.S. 296, 307-308 (1989) ("Section 1915(d) … authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the

complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14 (2007)).  Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013).  *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## FACTUAL BACKGROUND

The facts set forth herein are derived from the factual allegations in Plaintiff's complaint, which facts are deemed true when evaluating whether Plaintiff has stated an actionable claim.[2]  *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

In his complaint, Plaintiff asserts that Defendants violated several prison disciplinary policies and procedures in connection with the investigation, prosecution, and review of a prison disciplinary charge asserted against him.  According to Plaintiff, the alleged violations of policy and procedure support his claim that Defendants violated the Due Process Clause of the United States Constitution.  Plaintiff also asserts supplemental state law claims.

Plaintiff names as Defendants Harold Abbott, the captain in charge of disciplinary hearings; Antonio Mendez, the unit manager in the close unit, Troy Ross, the deputy warden for

---

[2] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate.  The alleged facts are recited in the context of the standard of review for a motion to dismiss.

security responsible for reviewing all administrative appeals of disciplinary charges; and Brittany Payson, the close unit clerk responsible for scheduling hearings and maintaining records.

Plaintiff sought judicial review in Maine Superior Court. (*Id.* ¶ 20.) Plaintiff attempted to obtain the original report[3] upon which he was charged from the "Agency's Attorney," which request was denied. After Petitioner informed the attorney that he possessed a copy of the report, the attorney replied that the Department of Corrections had decided to reverse the disciplinary decision and expunge the report from Plaintiff's record. (*Id.* ¶ 21.) Over Plaintiff's objection, the Superior Court subsequently granted Defendants' motion to dismiss Plaintiff's appeal as moot. (*Id.* ¶¶ 22 – 24.)

According to Plaintiff, Defendant Mendez charged Plaintiff with "Disturbance" after investigating Plaintiff for a charge of "Demonstration." (*Id.* ¶¶ 30 – 31.) After Plaintiff was found guilty of the charge, Plaintiff filed an appeal. (*Id.* ¶¶ 17 – 18.) Defendant Ross "affirmed plaintiff's appeal."[4] (*Id.* ¶ 19.)

Following the guilty finding by Defendant Ross, Defendant Mendez fired Plaintiff from his paying job as close unit plumber. (*Id.* ¶ 32.) Plaintiff maintains that Mendez did not follow proper procedure because he both investigated the report and wrote the report. (*Id.* ¶ 33.) Defendant Mendez "knew that he could not fire Plaintiff 71 days after the alleged incident."[5] (*Id.* ¶ 34.)

---

[3] Evidently the original charging report was replaced with a new report. The reports may have been authored by different officers. In an addendum, Plaintiff states that Officer Berube (presumably the author of the first report) never intended for the report to result in a write-up. (PageID # 19.)

[4] Plaintiff might have intended to allege that Defendant Ross affirmed the finding that he was guilty of the charge.

[5] In his addendum, Plaintiff states that Defendant Mendez should have fired him immediately based on the charge, and should not have done so after allowing Plaintiff "to carry around class A tools without supervision for an additional 71 days." (PageID # 20.)

When Plaintiff requested the original report, Defendant Payson told Plaintiff that she did not know its location. (*Id.* ¶¶ 37 – 38.) Plaintiff also alleges that Defendant Payson altered the disciplinary report from the charge of Disturbance to Interference and discarded the original report in violation of policy. (*Id.* ¶ 62.)

Defendant Abbott conducted the disciplinary hearing and only called one officer witness, though Plaintiff requested testimony from three officers. (*Id.* ¶¶ 41 – 42.) Defendant Abbott was not persuaded by Plaintiff's contentions (1) that he was not following professional standards or policy, (2) that the report could not have been authored when it purportedly was written, and (3) that Defendant Mendez's dual role as the author of a report and investigator warranted dismissal of the charge. (*Id.* ¶¶ 44 – 48.) Plaintiff asserts that when Plaintiff's counsel substitute arrived at the hearing, Defendant Abbott said, "We're done here," and did not permit the counsel substitute to participate. (*Id.* ¶ 52.)

In an addendum to the complaint, entitled "Addendum: Notice of Possible Retaliation for Filing Suit," Plaintiff asserts that he sent Defendants Abbott, Mendez and Ross a copy of his complaint on July 13, 2015, and that he was told on July 17, 2015, that he was being moved to a medium security unit where he would share a cell with another individual, despite his protest that he should not be required to share a cell because he has a colostomy bag. (PageID # 21.)

For relief, Plaintiff requests, inter alia, damages and injunctive relief, including an order directing Defendants to disclose in writing why the agency decided to overturn and expunge the disciplinary charge, as well as an explanation for Defendant Mendez's failure to reinstate Plaintiff to his prior prison job. (PageID ## 16 – 18.)

## DISCUSSION

Plaintiff complains of the deprivation of both his federal and his state rights.

**A.     Federal Rights**

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. As an inmate in a state prison, Plaintiff has interests that are protected by the Due Process Clause of the Fourteenth Amendment. To state a due process claim, however, Plaintiff must allege facts that constitute an "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Where the deprivation of liberty or property does not rise to that level, the mere violation of prison procedural policies by prison officials does not give rise to a constitutional violation. *Id.*

Here, Plaintiff has not alleged any facts that would support a finding of an "atypical and significant hardship." In particular, the loss of prison employment does not amount to an "atypical and significant hardship" when measured against the ordinary incidents of prison life. *Dominique v. Weld,* 73 F.3d 1156, 1160 (1st Cir. 1996) (holding that removal of prisoner from work release program and transfer to medium security facility did not meet the standard described in *Sandin v. Conner*). In addition, the assignment of Plaintiff to a cell with another inmate does not constitute an atypical and significant hardship. Accordingly, the procedural violations about which Plaintiff complains are not actionable under the Due Process Clause.[6]

The remaining issue is whether Plaintiff succeeds in stating a retaliation claim in his addendum. A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2)

---

[6] To the extent Plaintiff's claim against any defendant is based on the failure to sustain Plaintiff's administrative appeal, such conduct is not actionable as a due process violation. *Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009) ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights …, does not establish personal participation under § 1983."); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) ("[Plaintiff] does not have a federally protected liberty interest in having [his] grievances resolved to his satisfaction."); *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (holding that the denial of administrative grievances does not give rise to liability absent evidence of direct participation, encouragement, authorization, or acquiescence in an underlying constitutional violation).

an adverse action by prison officials which is sufficient to deter a person of ordinary firmness from exercising his constitutional rights,[7] and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him. *Hannon v. Beard,* 645 F.3d 45, 48 (1st Cir. 2011). *See also McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979).

Plainly, in filing a civil action Plaintiff has engaged in protected activity. *Hannon v. Beard*, 645 F.3d at 48. In addition, at this stage of the proceedings, the close temporal relationship between forwarding the complaint to Defendants Abbott, Mendez and Ross, and Plaintiff's transfer to another cell is sufficient to state the necessary causal link between the protected conduct and the alleged retaliation. *Cf. Velazquez-Ortiz v. Vilsack,* 657 F.3d 64, 72 (1st Cir. 2011) ("Where the evidence shows only that the decision-maker knew of the complainant's protected conduct at the time the adverse employment action was taken, causation may be inferred from a very close temporal relationship between the protected activity and the adverse action.")

The issue is thus whether the alleged cell transfer would be sufficient to deter an inmate of ordinary firmness from exercising his or her rights. Given the lack of privacy and the relatively close living arrangements that generally exist in a prison, one could reasonably conclude that for many inmates, a single-occupant cell would be highly preferable. A move from a single-occupant cell to a multi-occupant cell, therefore, could conceivably deter a prisoner of ordinary firmness who is assigned to a single-occupant cell from engaging in certain protected activity. Plaintiff has thus stated a plausible claim of retaliation against Defendants Abbot, Mendez, and Ross, the individual Defendants to whom Plaintiff asserts he forwarded a copy prior to his transfer.

---

[7] In the first amendment context, an adverse action must be "more than *de minimis*," which means the action must be sufficient to chill a person of ordinary firmness in the performance of future first amendment activities. *Pope v. Bernard,* No. 10–1443, 2011 WL 478055, at * 2 (1st Cir. 2011) (per curiam) (unpublished).

B.	State Rights

To the extent Plaintiff intends to proceed on a state constitutional due process theory separate from his federal constitutional claim, any claims that are based on the Maine Civil Rights Act are analyzed co-extensively with the federal constitutional claims. *Dimmitt v. Ockenfels*, 220 F.R.D. 116, 123 (D. Me. 2004). Accordingly, Plaintiff has not stated a state due process claim, but has asserted a retaliation claim.

In the event that Plaintiff seeks to pursue a non-constitutional state law claim for review of administrative action,[8] Plaintiff has not asserted a claim that this Court should consider. Federal courts are courts of limited jurisdiction. For this court to consider Plaintiff's request for review of administrative action, the claim must be "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution." 18 U.S.C. § 1367(a). The relationship between Plaintiff's retaliation claim and his request for review of administrative action is not apparent. Additionally, even if the state law claim could be considered part of the same case or controversy, the Court may decline to exercise supplemental jurisdiction if the issues of state law that will predominate would otherwise not be of importance to the claim within the Court's original jurisdiction, or if "other compelling reasons" warrant declining the exercise of supplemental jurisdiction. *Id.* § 1367(c). In this case, the only actionable claim within this Court's original jurisdiction is Plaintiff's First Amendment retaliation claim. As referenced above, the retaliation claim is not related to the request for administrative review. Simply stated, Plaintiff has not asserted a federal claim that would warrant the Court's exercise of jurisdiction over Plaintiff's claim under state law for a review of an administrative decision of the prison.

---

[8] Plaintiff cites the Maine Administrative Procedure Act in the introductory paragraph of his complaint.

8

**CONCLUSION**

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend (1) that the Court dismiss all claims against Defendant Payson, (2) that the Court dismiss Plaintiff's federal and state due process claims against all Defendants, and (3) that the Court order service upon Defendants Abbot, Mendez, and Ross, on Plaintiff's retaliation claim.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of September, 2015.