UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ANTHONY MACHIAVELLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15-cv-00340-JDL |
| | ) | |
| CAPTAIN HAROLD ABBOTT, JR., et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR AN INJUNCTION OR TEMPORARY RESTRAINING ORDER**

The matter is before the Court on Plaintiff's Motion for Injunction or Temporary Restraining Order (ECF No. 11).[1] Through his motion, Plaintiff requests that the Court order Defendants to provide Plaintiff with a single-occupancy cell. After review of the Plaintiff's motion, I recommend that the Court deny Plaintiff's motion.

**Discussion**

To obtain emergency injunctive relief, Plaintiff must show "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." *Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 120 (1st Cir. 2003); *Hoffman v. Sec'y of State of Me.*, 574 F. Supp. 2d 179, 186 (D. Me. 2008).

Plaintiff's motion requests both a temporary restraining order (TRO) and a preliminary injunction. Generally, the distinction between the two forms of injunctive relief is that the former

---

[1] The Court referred the motion for report and recommended decision.

can be awarded without notice to the other party and an opportunity to be heard. *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Paper Corp.*, 80 F. Supp. 3d 247, 278 (D. Me. 2015). A TRO, therefore, is an even more exceptional remedy than a preliminary injunction, which is itself "an extraordinary and drastic remedy that is never awarded as of right." *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (quoting *Munaf v. Geren*, 553 U.S. 674, 689 – 90 (2008)). By rule, to obtain a TRO without notice, a party must establish "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1).

The docket reflects that Defendants have not yet been served. Additionally, neither Plaintiff's filing nor the docket suggests that Defendants received notice of Plaintiff's motion. As a preliminary matter, therefore, for the Court to consider the merit of Plaintiff's request for a TRO, Plaintiff must demonstrate that he would suffer an irreparable loss if Defendants were notified of his request. Plaintiff has failed to provide any record evidence that would support such a conclusion.

Furthermore, regardless of whether Plaintiff notified Defendants of the motion, on the record before the Court, Plaintiff is not entitled to injunctive relief.[2] Plaintiff argues that injunctive relief is appropriate because Defendants are required to meet his medical needs and to ensure that he lives "a minimally decent life in prison." (Motion at 3.)

Plaintiff evidently seeks injunctive relief based on the merit of his due process claim. To prevail on the claim, Plaintiff must establish facts that would support a finding that he is subjected to conditions that constitute an "atypical and significant hardship … in relation to the ordinary

---

[2] Because the elements that Plaintiff must satisfy to obtain a preliminary injunction are similar to the elements necessary to secure a temporary restraining order, the analysis is equally applicable to both requests. *Newton v. LePage*, 789 F. Supp. 2d 172, 178 (D. Me. 2011).

incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). As explained in the Amended Recommended Decision (ECF No. 9), Plaintiff has not alleged facts that could support such a finding. Plaintiff thus has not demonstrated a substantial likelihood that he will prevail on the merits of his claim.

In addition, although Plaintiff has stated a retaliation claim, he has not presented record evidence from which the Court could conclude that he is likely to prevail on the claim. That is, while the temporal relationship between Plaintiff's exercise of his First Amendment rights and his transfer from a single-occupant cell to a double-occupant cell is sufficient to state a claim for retaliation, the record lacks any other reliable evidence to support the claim.

Plaintiff has also failed to satisfy the other elements necessary for injunctive relief. Plaintiff claims that he requires a single-occupant cell due to issues related to his colostomy. While Plaintiff contends that his need for a colostomy bag increases his desire for privacy, he presents no factual evidence to suggest that he is unable to attend to all of his personal needs. Plaintiff thus has not demonstrated that he will suffer irreparable harm if injunctive relief is not granted.

While the comparative hardships are difficult to assess on this record, the interests of the public plainly militate against injunctive relief. The public's interest in affording prison officials the opportunity to administer their institutions without unreasonable interference is significant. As the Eighth Circuit recognized, "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982).

**Conclusion**

Plaintiff has failed to establish that he is entitled to injunctive relief. Accordingly, I recommend that the Court deny Plaintiff's Motion for Injunction or Temporary Restraining Order. (ECF No. 11.)

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district county is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of October, 2015.