UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANTHONY MACHIAVELLI, )<br>  )<br> Plaintiff )<br>  )<br> v. )<br>  )<br>CAPT. HAROLD ABBOTT, et als., )<br>  )<br> Defendants ) | Docket No. 15-cv-340 |

### ANSWER OF DEFENDANTS HAROLD ABBOTT, TROY ROSS AND ANTONIO MENDEZ TO THE AMENDED COMPLAINT

Defendants Harold Abbott, Antonio Mendez and Troy Ross answer the Amended Complaint as follows:

The introductory paragraph of the Amended Complaint contains a summary of plaintiff's legal claims, and no answer is required.

1. Paragraph 1 of the Amended Complaint contains a conclusion of law, and no answer is required.

2. Defendants admit the allegation in Paragraph 2 of the Amended Complaint.

3. Defendants admit that defendant Abbott is a correctional captain and that he conducts disciplinary hearings.

4. Defendants admit that defendant Mendez is the Unit Manager of the Close Unit.

5. Defendants admit that defendant Ross is the Deputy Warden for security and that he reviews prisoner appeals of disciplinary findings as the warden's designee.

6. Defendants admit the allegations in Paragraph 6 of the Amended Complaint.

7. Paragraph 7 of the Amended Complaint state a conclusion of law, and no answer is required.

8. Paragraph 8 of the Amended Complaint states a conclusion of law, and no answer is required.

9. Defendants admit that plaintiff was written up as alleged but deny that the charge was "Disturbance."

10. Defendants neither admit nor deny the allegations in Paragraph 10 of the Amended Complaint for lack of sufficient knowledge and information.

11. Defendants admit that Officer Therrien investigated the disciplinary charge.

12. Defendants admit the allegations in Paragraph 12 of the Amended Complaint.

13. Defendants neither admit nor deny the allegations in Paragraph 13 of the Amended Complaint for lack of sufficient knowledge and information.

13. [*sic*] Defendants neither admit nor deny the allegations in Paragraph 13 of the Amended Complaint for lack of sufficient knowledge and information.

14. Defendants admit the allegations in Paragraph 14 of the Amended Complaint.

15. Defendants admit that plaintiff submitted the documents described. The remainder of Paragraph 15 of the Amended Complaint states a legal conclusion, and no response is required.

16. Defendants deny the allegations in Paragraph 16 of the Amended Complaint, except defendants neither admit nor deny plaintiff's speculation as to what Officer Graves would have testified to.

17. Defendants admit that plaintiff was found guilty of Interference, deny that the charge was a Class A offense. and admit that plaintiff was sanctioned with a $75 monetary sanction. Defendants deny the remaining allegations in Paragraph 17 of the Amended Complaint.

18. Defendants admit that plaintiff timely appealed the disciplinary officer's finding but neither admit nor deny the remaining allegation in Paragraph 18 of the Amended Complaint for lack of sufficient knowledge and information.

19. To the extent that Paragraph 19 of the Amended Complaint states legal conclusions, no response is required. Defendants admit that defendant Ross upheld the decision on appeal.

20. Defendants admit that plaintiff appealed the final decision of the DOC to the Superior Court, but defendants neither admit nor deny the remaining allegation Paragraph 20 of the Amended Complaint for lack of sufficient knowledge and information.

21. Defendants admit that plaintiff requested so-called "original" documents during the course of his appeal and also asserted that he had a copy of a disciplinary report which differed from that filed with the court. Counsel's letter to plaintiff speaks for itself. Defendants deny the remaining allegations in Paragraph 21 of the Amended Complaint.

22. Defendants admit the allegations in Paragraph 22 of the Amended Complaint. (See attached Exhibit A.)

23. Defendants admit that plaintiff opposed the motion to dismiss. Defendants neither admit nor deny what plaintiff believed.

24. Defendants admit the allegations in Paragraph 24 of the Amended Complaint. (See attached Exhibit B.)

25. Defendants neither admit nor deny the allegation in Paragraph 25 for lack of sufficient knowledge and information.

26. Defendants admit that plaintiff's appeal of the Superior Court's dismissal was not allowed to proceed, as his application to waive prepayment of the filing fee was denied by the Superior Court on the grounds that the appeal was frivolous and not brought in good faith. (See attached Exhibit C.)

27. Defendants admit that plaintiff requested review of the Superior Court's denial of his motion regarding filing fees.

28. Defendants admit the allegation in Paragraph 28 of the Amended Complaint.

29 Paragraph 29 of the Amended Complaint states legal conclusions and arguments, and no response is required.

30. Defendants neither admit nor deny the allegations in Paragraph 30 for lack of sufficient knowledge and information.

31. Defendants deny the allegation in Paragraph 31 of the Amended Complaint.

32. Defendants admit that plaintiff attended a disciplinary hearing, that he appealed the findings to defendant Ross and then filed a petition for judicial review as alleged in Paragraph 32 of the Amended Complaint. Defendants deny that plaintiff was provided an "altered" report. Defendants admit that plaintiff subsequently lost his job as a plumber. To the extent that the remaining statements in Paragraph 32 of the Amended Complaint constitute legal conclusions and argument, no response is required.

33. Paragraph 33 of the Amended Complaint states conclusions of law and legal arguments, and no response is required.

34. Defendants admit the allegations in Paragraph 35 of the Amended Complaint.

35. Defendants neither admit nor deny the allegations in Paragraph 36 of the Amended Complaint for lack of sufficient knowledge and information.

36. Defendants neither admit nor deny the allegations in Paragraph 36 of the Amended Complaint for lack of sufficient knowledge and information.

36. [*sic*] Paragraph 36 of the Amended Complaint states legal arguments and conclusions of law, and no response is required.

37. Defendants admit that the disciplinary hearing was originally scheduled for October 7, 2014 but did not take place until October 24, 2014. Defendants admit the hearing was conducted by defendant Abbott. Defendants neither admit nor deny the remaining allegation in Paragraph 37 of the Amended Complaint.

38. – 46. Defendants neither admit nor deny the allegations in Paragraphs 38 through 46 of the Amended Complaint for lack of sufficient knowledge and information.

47. Defendants admit that defendant Abbott found plaintiff guilty of the infraction and imposed the sanctions alleged in Paragraph 47 of the Amended Complaint.

48. Defendants state that the disciplinary hearing report speaks for itself.

49. Defendants neither admit nor deny the allegations in Paragraph 49 of the Amended Complaint for lack of sufficient knowledge and information.

50. Paragraph 50 of the Amended Complaint states conclusions of law and legal arguments, and no response is required.

51. Defendants admit that plaintiff filed an appeal of the disciplinary hearing officer finding to Defendant Ross. The remainder of Paragraph 51 of the Amended Complaint contains legal argument and conclusions of law, and no response is required.

52. Defendants admit the allegation in Paragraph 52 of the Amended Complaint.

53. Paragraph 53 of the Amended Complaint states legal arguments and conclusions of law, and no response is required.

54. – 56.  The allegations in Paragraphs 54 – 56 of the Amended Complaint are not directed at these defendants, and no response is required.

57.  Defendants admit that defendant Mendez terminated plaintiff's job as the close unit plumber.  Defendants neither admit nor deny the remaining factual allegations in Paragraph 57 of the Amended Complaint for lack of sufficient knowledge and information.  As to the legal arguments and conclusions stated in this paragraph, no response is required.

58.  -79.  To the extent that any factual allegations in Paragraphs 58 through 79 of the Amended Complaint are directed at these defendants, they deny the allegations.  No response is required to allegations not directed to these defendants or to the legal conclusions and arguments asserted in Paragraphs 58 through 79 of the Amended Complaint.

80.  Defendants deny the allegation that plaintiff has exhausted administrative remedies with regard to the claims asserted in this lawsuit.

81. - 82.  No response is required to Paragraphs 81 and 82 of the Amended Complaint, as they do not allege any facts.

83.  Defendants neither admit nor deny the allegations in Paragraph 84 of the Amended Complaint for lack of sufficient knowledge and information.

84.  Defendants neither admit nor deny the allegations in Paragraph 84 of the Amended Complaint for lack of sufficient knowledge and information.

85.  Defendants neither admit nor deny the facts alleged in Paragraph 85 of the Amended Complaint for lack of sufficient knowledge and information, except that defendants deny that they retaliated against the plaintiff.

86.  Defendants admit that defendant Mendez removed plaintiff from his plumbing job.  Defendants neither admit nor deny the remaining allegations in Paragraph 86 of the Amended

Complaint for lack of sufficient knowledge and information, except that defendants deny that defendant Mendez's actions were vindictive or retaliatory. The remainder of this Paragraph, labelled "Conclusion," contains a legal argument, and no response is required.

87. – 113.  Paragraphs 87 through 113 of the Amended Complaint state claims for relief or legal arguments, and no response is required.

WHEREFORE, these defendants request that judgment be entered in their favor and that they be awarded costs and attorney fees.

AND FURTHER ANSWERING, defendants state:

## AFFIRMATIVE DEFENSES

1. The Amended Complaint and each count of it fail to state a claim upon which relief can be granted.

2. Plaintiff failed to exhaust available administrative remedies, and his complaint must be dismissed.

3. Plaintiff's complaint is barred by *res judicata*.

4. Plaintiff's claim for damages for mental and emotional distress is barred by his failure to allege that he sustained a physical injury caused by any conduct of these defendants.

5. As to plaintiff's claims of constitutional violations, defendants are entitled to qualified immunity.

6. To the extent plaintiff has alleged any claims under state law, the claims are barred by defendants' absolute discretionary immunity.

7. To the extent that plaintiff has alleged any claims under state law, the claims are barred by plaintiff's failure to comply with the notice provisions of the Maine Tort Claims Act.

8. Plaintiff's claims for injunctive relief are barred by the prospective relief provisions of the Prison Litigation Reform Act.

February 9, 2016                                    /s/ James E. Fortin
                                                    James E. Fortin
                                                    Assistant Attorney General

Office of the Attorney General
Six State House Station
Augusta, ME 04333
626-8800

## Certificate of Service

The undersigned hereby certifies that he electronically filed the above document with the Clerk of Court using the CM/ECF system, and that he mailed a copy, postage paid, to the plaintiff at the following address:

Anthony Machiavelli
Maine State Prison
807 Cushing Road
Warren, ME 04864

February 9, 2016                                    /s/ James E. Fortin
                                                    James E. Fortin
                                                    Assistant Attorney General