UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ANTHONY MACHIAVELLI,              )
                                 )
    Plaintiff,              )
                                 )
    v.                      )          1:15-cv-00340-JDL
                                 )
CAPTAIN HAROLD ABBOTT, JR.,       )
    et al.,                 )
                                 )
    Defendants               )

**RECOMMENDED DECISION AFTER SCREENING AMENDED COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

The matter is before the Court on review of Plaintiff's amended complaint.[1]  The Court previously screened and dismissed the due process claim contained in Plaintiff's original complaint, but ordered Defendants Abbott, Mendez, and Ross to answer Plaintiff's claim of retaliation.  (ECF No. 15.)

Through his amended complaint, Plaintiff alleges new liability theories and asserts claims against additional defendants.  Following the review, I recommend that with one exception, discussed below, the Court dismiss the additional claims asserted in the amended complaint.

**STANDARD OF REVIEW**

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under 28 U.S.C.

---

[1] On December 31, 2015, the Court granted Plaintiff's request to file an amended complaint because his motion to amend was filed within the period of time during which Plaintiff was entitled to amend as a matter of course pursuant to Rule 15.  In accordance with 28 U.S.C. §§ 1915 and 1915A, a preliminary review of Plaintiff's amended complaint is appropriate because Plaintiff is proceeding in forma pauperis and because Plaintiff is a prisoner seeking relief from state officers.

§ 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's amended complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14 (2007)). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618

F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## FACTUAL BACKGROUND

The facts set forth herein are derived from the factual allegations in Plaintiff's amended complaint, which facts are deemed true when evaluating whether Plaintiff has stated an actionable claim.[2]  *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

In his amended complaint (ECF No. 25), Plaintiff asserts that Defendants violated several prison disciplinary policies and procedures in connection with the investigation, prosecution, and review of a prison disciplinary charge asserted against him, and he complains of the loss of a paying job in the prison.  According to Plaintiff, the alleged violations of policy and procedure support his claim that Defendants violated the Due Process Clause, the Equal Protection Clause, and the Cruel and Unusual Punishment Clause of the United States Constitution.  Additionally, Plaintiff asserts that the alleged violations, and a pattern of similar violations experienced by other prisoners, give rise to a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), violate the Hobbs Act, and amount to a conspiracy to deprive prisoners of their civil rights. Plaintiff also asserts supplemental state law claims.  Plaintiff "urges" that a civil action be commenced under 42 U.S.C. § 1997, as well.  (*Id.* ¶ 82.)

In his original complaint, Plaintiff named as Defendants Harold Abbott, the captain in charge of disciplinary hearings; Antonio Mendez, the unit manager in the close unit; Troy Ross, the deputy warden for security responsible for reviewing all administrative appeals of disciplinary

---

[2] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review.

charges; and Brittany Payson, the close unit clerk responsible for scheduling hearings and maintaining records.  The Court dismissed Plaintiff's claims against Ms. Payson in their entirety, but permitted Plaintiff's retaliation claim to proceed against the other Defendants.  Plaintiff now seeks to join as Defendants the State of Maine, Governor Paul LePage, Attorney General Janet Mills, the Maine Department of Corrections, the current and former department commissioner, the current and former warden of the Maine State Prison, and the original four Defendants.

In essence, Plaintiff's amended complaint, consistent with his original complaint, alleges the violation of prison procedural rules in connection with a false disciplinary charge that resulted in a punitive sanction, including the loss of a paying prison job.  Plaintiff also alleges that in the course of grievance review proceedings, prison officials failed to overturn the decision and sanctions.  As to the new Defendants, Plaintiff alleges, essentially, that they are at the head of a "criminal" prison enterprise, and that in their respective positions, they would be responsible for any prospective relief the Court might award.  (*Id.* ¶¶ 54, 73, 89.)

Although the Department of Corrections ultimately reversed the disciplinary decision and restored Plaintiff's lost good time and the $75 he paid for a fine, Plaintiff alleges that he has never been reinstated to his former prison job, which job provided him with $200 in monthly compensation and increased the rate at which he earned good time credit.  (*Id.* ¶¶ 100 – 101.)

### DISCUSSION

### A.    Claims under 42 U.S.C. § 1983

The federal civil rights statute, 42 U.S.C. § 1983, states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Section 1983 "creates a private right of action through which plaintiffs may recover against state actors for constitutional violations." *Goldstein v. Galvin*, 719 F.3d 16, 24 (1st Cir. 2013). Section 1983 does not confer any substantive rights, but simply provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

*1. Due process*

The Fourteenth Amendment provides that the States cannot "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. As explained in the Amended Recommended Decision After Screening Complaint (ECF No. 9), Plaintiff has failed to state a due process claim. Simply stated, Plaintiff has not alleged facts from which a factfinder could plausibly conclude that Defendants have subjected Plaintiff to an "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

*2. Equal protection*

The Fourteenth Amendment provides that no State shall "deny to any person ... the equal protection of the laws." U.S. Const. Amend. XIV. To state a claim for violation of equal protection, Plaintiff must allege that he was treated differently than were others similarly situated, and that the difference in treatment was based on an impermissible consideration. *Ayala-Sepulveda v. Municipality of San German*, 671 F.3d 24, 32 (1st Cir. 2012). Plaintiff does not assert, nor do the alleged facts otherwise suggest, that Defendants' conduct was motivated by a discriminatory animus toward Plaintiff based on his membership in a protected class. Plaintiff, therefore, fails to state an equal protection claim. *Fleming v. Dep't of Corr.*, 92 F.3d 1169 (1st Cir. 1996) (per curiam) (unpublished).

### 3.    Cruel and unusual punishment

The Fourteenth Amendment proscribes conduct by a state that would offend eighth amendment standards. *Burrell v. Hampshire Cnty.,* 307 F.3d 1, 7 (1st Cir. 2002).  The Eighth Amendment provides:  "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.  "From this brief amendment, courts have derived the principles that govern the permissible conditions under which prisoners are held and that establish the medical treatment those prisoners must be afforded."  *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (citing *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)). "Undue suffering, unrelated to any legitimate penological purpose, is considered a form of punishment proscribed by the Eighth Amendment."  *Id.* (citing *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)).  To state a claim, Plaintiff's allegations would have to support a plausible inference that the conduct of a particular defendant demonstrated deliberate indifference toward a prison condition that posed a substantial risk of serious harm, *Burrell,* 307 F.3d at 7, or that the conduct was otherwise "repugnant to the conscience of mankind."  *Estelle v. Gamble,* 429 U.S. 97, 105 (1976).  Plaintiff has not alleged any facts that could plausibly support a claim of cruel and unusual punishment.

### 4.    Retaliation

A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him.  *Hannon v. Beard,* 645 F.3d 45, 48 (1st Cir. 2011). *See also McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979).

The Court has already ordered Defendants Abbot, Mendez, and Ross to answer Plaintiff's retaliation claim regarding his reassignment to a shared cell.  In his amended complaint, Plaintiff introduces additional retaliation allegations.  Specifically, Plaintiff alleges that Defendant Mendez denied him reinstatement to his prison job in retaliation for filing a petition for judicial review in state court.  (Amended Complaint ¶¶ 57, 86.)  Given that Plaintiff's right to seek relief from the courts is a constitutionally-protected activity, and given that Plaintiff has alleged that in response to Plaintiff's court filing, Defendant Mendez did not reinstate him to his prison job, Plaintiff has asserted a plausible additional claim against Defendant Mendez.  Plaintiff, however, has not asserted a claim against any of the other individual Defendants.

Nevertheless, to the extent Plaintiff seeks injunctive relief (i.e., reinstatement to his prison job), Defendant Liberty, the warden of the Maine State Prison, should remain as a Defendant.  That is, because the warden would be the appropriate person to institute the injunctive relief, if granted, Defendant Liberty, in his official capacity, is a proper party.  *Colwell v. Bannister*, 763 F.3d 1060, 1070 (9th Cir. 2014);[3] *Howery v. Harrington*, No. 14-CV-1134-NJR, 2015 WL 4399480, at *3 (S.D. Ill. July 17, 2015).[4]

---

[3] In *Colwell*, the Ninth Circuit wrote:

> We have held that a corrections department secretary and prison warden were proper defendants in a § 1983 case because "[a] plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation. Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief."

763 F.3d at 1070 (quoting *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir.2013)).

[4] In *Howery*, the court observed that, "because Plaintiff is seeking injunctive relief, it is appropriate for the Warden of Menard to remain as a Defendant in the action, in his/her official capacity only." 2015 WL 4399480, at *3 (citing *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out)).

**B.      Maine Constitution and Maine Civil Rights Act**

To the extent Plaintiff intends to proceed on a state constitutional theory, any claims that are based on the Maine Civil Rights Act are analyzed co-extensively with the federal constitutional claims. *Dimmitt v. Ockenfels*, 220 F.R.D. 116, 123 (D. Me. 2004). For the reasons set forth above, Plaintiff fails to state a Maine constitutional claim or a Maine civil rights claim based on due process, equal protection, or deliberate indifference principles.

**C.      Claims based on the Hobbs Act and the Racketeer Influenced and Corrupt Organizations Act**

The Hobbs Act prohibits conduct that "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion" or other means. 18 U.S.C. § 1951(a). The Hobbs Act, however, does not provide for a private cause of action. *Campbell v. Austin Air Sys., Ltd.*, 423 F. Supp. 2d 61, 72 (W.D.N.Y. 2005). Accordingly, to the extent Plaintiff attempts to allege a claim under the Hobbs Act, Plaintiff has failed to state a claim upon which relief can be granted.

The Racketeer Influenced and Corrupt Organizations Act (RICO) authorizes a civil claim for "[a]ny person injured in his business or property" as the result of a racketeering enterprise. 18 U.S.C. § 1964(c). Such a claim "requires proof of several elements including the existence of a racketeering 'enterprise' and its conduct through a 'pattern' of racketeering activity." *Rectrix Aerodrome Ctrs., Inc. v. Barnstable Mun. Airport Comm'n*, 610 F.3d 8, 11 (1st Cir. 2010) (citing 18 U.S.C. § 1961(4) – (5)). Racketeering activity is defined to include a list of criminal offenses. 18 U.S.C. § 1961(1).

Plaintiff alleges that Defendants engage in a pattern of fraud, theft, extortion, and witness tampering. (Amended Complaint ¶¶ 56, 88.) Plaintiff, however, has not alleged any facts that constitute criminal conduct. In short, Plaintiff's has failed to state an actionable RICO claim.

**D.**     **Civil Rights of Institutionalized Persons Act**

In his amended complaint, Plaintiff suggests that the Court should institute an action pursuant to 42 U.S.C. §§ 1997 et seq., the Civil Rights of Institutionalized Persons Act, as amended by the Prison Litigation Reform Act.  The United States Attorney General, not the courts, is authorized by the Act to assert an action on behalf of prisoners. 42 U.S.C. § 1997a(a).  Plaintiff thus has not stated a claim for relief under the Act.

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend (1) that the Court dismiss all claims against the State of Maine, Paul LePage, Janet Mills, the Maine Department of Corrections, Joseph Ponte, Joseph Fitzpatrick, Rodney Bouffard, and Brittany Payson; (2) that the Court dismiss Plaintiff's federal and state due process, equal protection, and cruel and unusual punishment claims against all Defendants; (3) that the Court order service upon Defendants Abbot, Mendez, and Ross, on Plaintiff's retaliation claims, including the retaliation claim asserted against Defendant Mendez in the amended complaint; and (4) that the Court order service upon Defendant Liberty, in his official capacity as warden of the Maine State Prison, in connection with Plaintiff's claim for injunctive relief on his retaliation claim.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of February, 2016.