UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANTHONY MACHIAVELLI, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )     1:15-cv-00340-JDL |
| | ) |
| HAROLD ABBOTT, JR., et al., | ) |
| | ) |
|     Defendants | ) |

**MEMORANDUM OF DECISION ON PLAINTIFF'S
MOTION TO SUPPLEMENT PLEADINGS**

In this action, Plaintiff Anthony Machiavelli claims Defendants deprived him of certain constitutional rights in connection with prison discipline proceedings. The matter is before the Court on Plaintiff's Motion for Leave to Supplement the Pleadings.[1] (ECF No. 41.)

Following a review of the proposed supplemental complaint, and after consideration of the parties' arguments, I grant in part Plaintiff's motion to amend.

**PROCEDURAL BACKGROUND**

On August 20, 2015, Plaintiff filed a complaint in which he alleged Defendants violated several prison disciplinary policies and procedures in connection with the investigation, prosecution, and review of a prison disciplinary charge asserted against him and for which he was disciplined. According to Plaintiff, when Defendant Ross upheld the discipline, approximately 71 days after the underlying incident, Defendant Mendez terminated Plaintiff from a paying prison job.

On Plaintiff's further appeal from the decision, which appeal included state court litigation, the Department of Corrections reversed the disciplinary decision and expunged the disciplinary

---

[1] Plaintiff entitled the motion "Motion to Request Permission to Modify the Pleadings, with Statement of Claims."

record. Plaintiff, however, was not permitted to return to his prison job. Plaintiff also asserted in this action that after he showed Defendants Abbot, Mendez, and Ross a copy of his civil rights complaint, he was moved from his single cell to a shared cell, despite a prior determination that he should have the single cell based on a medical condition.

On September 16, 2015, after a review in accordance with 28 U.S.C. §§ 1915 & 1915A, I recommended the Court dismiss Plaintiff's due process claim, but that the Court permit Plaintiff to proceed in forma pauperis against Defendants Abbot, Mendez, and Ross on a claim of retaliation for the exercise of the right to petition this Court for relief. (Amended Recommended Decision at 6 – 7, ECF No. 9.) I thus recommended the dismissal of all named defendants except Defendants Abbot, Mendez, and Ross.

On October 26, 2015, Plaintiff filed an objection to the Recommended Decision. (ECF No. 14.) In support of his objection, Plaintiff argued that even if the discipline was later expunged from his record, he should not have had to suffer any loss because the disciplinary finding was based on "no evidence." (*Id.* at 2.) Plaintiff asserted that his good time was suspended,[2] that he lost the ability to accrue additional good time by virtue of losing prison employment, and that he had served disciplinary sanctions and lost wages. (*Id.*) Plaintiff, however, did not allege the revocation of earned good time credits and did not otherwise describe atypical and significant penalties. On December 11, 2015, the Court adopted the Recommended Decision over Plaintiff's objection. (ECF No. 15.)

---

[2] In support of his objection, Plaintiff also filed a Disciplinary Case Detail Report. (ECF No. 14-2.) The Report identifies an October 24, 2014, hearing date, and an "imposed sanction" that included loss of good time between November 13, 2014, and November 23, 2014.

On December 30, 2015, Plaintiff requested leave to amend, which was granted as a matter of course. (ECF Nos. 20/21.) On January 28, 2015, Plaintiff filed an amended complaint. (ECF No. 25.) Defendants answered the amended complaint on February 9, 2015. (ECF No. 26.)

On February 29, 2015, after reviewing the amended complaint pursuant to 28 U.S.C. §§ 1915 & 1915A, I explained:

> In his amended complaint (ECF No. 25), Plaintiff asserts that Defendants violated several prison disciplinary policies and procedures in connection with the investigation, prosecution, and review of a prison disciplinary charge asserted against him, and he complains of the loss of a paying job in the prison. According to Plaintiff, the alleged violations of policy and procedure support his claim that Defendants violated the Due Process Clause, the Equal Protection Clause, and the Cruel and Unusual Punishment Clause of the United States Constitution. Additionally, Plaintiff asserts that the alleged violations, and a pattern of similar violations experienced by other prisoners, give rise to a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), violate the Hobbs Act, and amount to a conspiracy to deprive prisoners of their civil rights. Plaintiff also asserts supplemental state law claims. Plaintiff "urges" that a civil action be commenced under 42 U.S.C. § 1997, as well. (*Id.* ¶ 82.)

(Recommended Decision at 3, ECF No. 28.) I also noted that Plaintiff alleged loss of good time and a monetary fine of $75, but that the good time and fine had been restored to Plaintiff as the result of the Department of Corrections' reversal of the disciplinary decision. (*Id.* at 4.) Consistent with the prior Recommended Decision, I recommended that Plaintiff's retaliation claim is his only actionable claim and that the amended allegations expanded on the retaliation claim to assert an additional incident of retaliation. (*Id.* at 7.) I also recommended that Plaintiff's request to join Warden Liberty as a defendant be granted because Plaintiff requested injunctive relief in the form of reinstatement to his prison job. (*Id.* at 7, 9.)

On March 11, 2016, Plaintiff objected to the Recommended Decision. (ECF No. 29.) Plaintiff again emphasized that he had received discipline based on "no evidence" and argued that *Sandin v. Connor* therefore did not apply. (*Id.* at 1 – 2.) The Court rejected Plaintiff's arguments

3

and adopted the Recommended Decision. (ECF No. 33.) Defendant Liberty filed his answer on April 11, 2016. (ECF No. 36.)

Plaintiff subsequently filed the pending Motion to Request Permission to Modify the Pleadings, with Statement of Claims. (Motion, ECF No. 41; Statements of Claims, ECF No. 41-2 – 41-5.)

## PLAINTIFF'S ALLEGATIONS

Plaintiff's proposed pleading is offered as a supplemental pleading. Plaintiff requests leave to supplement his claims without rewriting his entire complaint. (Motion at 1, ECF No. 41.) In his proposed supplemental pleading, Plaintiff describes the involvement of Defendants Abbott, Mendez, Payson, and Ross in the underlying disciplinary proceedings. He asserts that Defendant Payson falsely changed the disciplinary charge; that Defendant Mendez wrote and investigated the charge; that Defendant Abbott conducted the disciplinary hearing; and that Defendant Ross upheld the discipline in the context of administrative review. (ECF No. 41-1 at 1.)

In the proposed supplemental complaint, Plaintiff does not assert many new facts. His principal claim against Defendant Payson, as it was in his original complaint, is that Defendant Payson improperly changed the disciplinary charge from Class A disturbance to Class B interference. He also asserts that the other defendants are complicit in the due process violation because they either investigated the charge or presided over hearings based on the modified charge. Plaintiff further alleges various procedural irregularities in the conduct of the disciplinary proceedings.

Regarding his alleged loss, Plaintiff reiterates that as the result of Defendants' unlawful conduct, he received a 10-day disciplinary sanction, lost good time credit, was terminated from a job in the prison, and was assessed a $75 fine. In his supplement, Plaintiff alleges that he was

4

subject to "hard labor," and that he "lost $75," evidently referencing the $75 fine. (ECF No. 41-3, ¶ 9.)

## MOTION TO AMEND STANDARD

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "once as a matter of course," subject to certain time constraints. Thereafter, leave of court is required, though leave should be granted "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962). To the extent the Court determines that a claim advanced or supplemented by means of a motion to amend would be futile because the facts fail to state a claim for which relief may be granted, the Court can deny the motion. *Chiang v. Skeirik*, 582 F.3d 238, 244 (1st Cir. 2009).

"In assessing futility, the district court must apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)." *Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006). Accordingly, the Court must accept as true all well-pleaded facts and draw all reasonable inferences in favor of Plaintiff to determine whether Plaintiff has stated a claim for which relief may be granted. *Morgan v. Town of Lexington, MA*, 823 F.3d 737, 742 (1st Cir. 2016). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14).

**DISCUSSION**

Plaintiff argues the allegations in the proposed supplemental complaint, together with the assertions in the amended complaint, are sufficient to state due process and equal protection claims. With one exception, discussed below, the proposed claims are futile.

**A.  Due Process**

The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving a person of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The analysis of a due process claim proceeds in two stages. The Court first considers "whether there exists a liberty or property interest of which a person has been deprived," and if so, it then considers "whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). "[T]he processes required by the Clause with respect to the termination of a protected interest will vary depending upon the importance attached to the interest and the particular circumstances under which the deprivation may occur." *Walters v. Nat'l Ass'n of Radiation Survivors*, 473 U.S. 305, 320 (1985).

Unless Plaintiff has alleged facts to support a claim that the discipline deprived him of an interest protected by the Due Process Clause, his due process claim cannot proceed, regardless of whether Defendants violated or ignored specific provisions found in the Department of Corrections Prisoner Discipline Policy (ECF No. 25-5). *Swarthout*, 562 U.S. at 219; *Sandin v. Conner*, 515 U.S. 472, 483 – 84 (1995) (5 – 4). Plaintiff generally alleges that he suffered the deprivation of liberty and property.

*1.  Liberty*

Plaintiff has consistently alleged that he suffered discipline involving only the temporary loss of the ability to accrue good time credit, the loss of paid prison employment that also

accelerated the accrual of good time credit,[3] and unspecified conditions of confinement related to disciplinary restrictions. Through his recent supplement, Plaintiff has added "hard labor" to the list of alleged liberty interests, although he does not describe the alleged hard labor. (ECF No. 41-3 at 3, ¶ 9.)

In his supplemental complaint, Plaintiff fails to allege sufficient facts to support a claim based on the loss of a liberty interest protected by the Due Process Clause in the specific context of life in prison. Plaintiff does not have a liberty interest in prison employment, even if the employment enables him to accrue good time at an accelerated rate. *See*, *e.g.*, *Dominique v. Weld*, 73 F.3d 1156, 1160 (1st Cir. 1996) (applying *Sandin* to uphold dismissal of prisoner's claim that his four-year participation in a work release program had given rise to a liberty interest and citing, inter alia, *Bulger v. United States Bureau of Prisons,* 65 F.3d 48, 49 – 50 (5th Cir. 1995) (inmate terminated from a prison job permitting the automatic accrual of good-time credits lacked a protected liberty interest, despite apparent violation of a state regulation)). Additionally, Plaintiff's allegation of "hard labor" includes no description of his work tasks and, therefore, the Court cannot conclude that any labor Plaintiff might have performed could fairly be characterized as an atypical and significant hardship. *Serra v. Lappin*, 600 F.3d 1191, 1196 (9th Cir. 2010) ("[P]risoners do not have a legal entitlement to payment for their work."); *Northrop v. Fed. Bureau of Prisons*, No. 1:08-cv-00746, 2008 WL 5047792, at *8 (M.D. Pa. Nov. 24, 2008) (collecting cases indicating that prisoners may be required to work and that there is no constitutional right to payment for services).

---

[3] When accrued good time is at stake, a liberty interest is recognized, but a prisoner must assert his due process claim in the context of a habeas corpus petition before bringing a § 1983 due process claim. *DeWitt v. Wall*, No. 04-1531, 121 Fed. App'x 398, 399 (1st Cir. Dec. 30, 2004) (unpublished) (citing, inter alia, *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Portley–El v. Brill,* 288 F.3d 1063, 1066 (8th Cir. 2002)).

Plaintiff argues that he has stated a due process claim regardless of whether he has identified a protected liberty interest because the Defendants imposed discipline on him even though there was "no evidence" to support the charge. Plaintiff's argument is unpersuasive. In *Swarthout*, the Supreme Court held that none of its precedent "supports converting [a state's] 'some evidence' rule into a substantive federal requirement" because the federal due process standard does not require that state procedures "produce[] the result that the evidence required." 562 U.S. at 220 – 21. In other words, Plaintiff must first identify an interest protected by the Due Process Clause before it be appropriate for the Court to consider whether the deprivation of the interest was supported by "some evidence." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985).

In sum, Plaintiff has not asserted in his supplemental complaint sufficient facts to support a finding that he was deprived of a liberty interest protected by the Due Process Clause.

### 2. *Property*

As explained in the Court's prior decisions, in his original complaint and in his amended complaint, Plaintiff failed to assert facts that could support a due process claim based on the deprivation of property. (ECF Nos. 9/15, 28/33.) With one limited exception, the supplemental complaint similarly fails to assert facts to support a due process claim based on the deprivation of property.

In his supplemental complaint, Plaintiff alleges that he "lost $75." Plaintiff's allegation can be read to assert he was temporarily or permanently deprived of $75 in his prison account. In an unpublished opinion, the First Circuit held that a prison disciplinary sanction that deprives a prisoner of $75 without adequate process states a constitutional claim for deprivation of property. *Coombs v. Welch*, No. 15-1776 (1st Cir. May 9, 2016) (citing *Reynolds v. Wagner*, 128 F.3d 166,

179 (3d Cir. 1997)). Through his supplemental complaint, Plaintiff has arguably alleged facts that describe an interest protected against deprivation by the Due Process Clause.

If the claim is actionable, Plaintiff can assert his due process claim against Defendants through 42 U.S.C. § 1983, which "provides a cause of action when an individual, acting under color of state law, deprives a person of constitutional rights." *Saldivar v. Racine*, 818 F.3d 14, 18 (1st Cir. 2016). To state a § 1983 claim against a particular Defendant, Plaintiff must allege facts that would support a finding that the Defendant, through his or her "own individual actions," violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The issue is thus whether Plaintiff has asserted sufficient facts to support a due process claim against the named defendants based on the alleged deprivation of $75 from his prison account.

    a. Defendant Payson

Plaintiff alleges that Defendant Payson was involved in the modification of the disciplinary charge from the original charge of Disturbance Class A to Interference Class B. As alleged, Plaintiff had notice of the underlying allegations and the subject of the disciplinary proceeding. Plaintiff, therefore, has failed to state an actionable due process claim against Defendant Payson.

    b. Defendant Mendez

Plaintiff alleges that Defendant Mendez improperly conducted the investigation, and should have ordered Officer Berube to write the report of the investigation. The Due Process Clause does not guarantee that a particular individual will investigate a disciplinary charge and write the report of the investigation. Plaintiff has failed to state an actionable due process claim against Defendant Mendez.

### c. Defendant Abbott

Plaintiff alleges that the hearing provided by Defendant Abbott did not satisfy constitutional requirements. The Due Process Clause required Defendant Abbott to provide a disciplinary hearing that incorporated the following procedural protections: (1) advance written notice of the disciplinary hearing, (2) an opportunity to call witnesses and present documentary evidence where doing so would not jeopardize institutional safety or correctional goals, and (3) a written statement of the reasons for the decision and the supporting evidence. *Hill*, 472 U.S. at 454 (citing *Wolff v. McDonnell,* 418 U.S. 539, 563 – 66 (1974)).

Plaintiff's allegations reflect that he received notice of the Interference charge on October 6, 2014, well in advance of the hearing on October 24, 2014. Plaintiff's claim thus cannot be based on a lack of notice.

The right to call witnesses and present documentary evidence is not absolute. *Wolff*, 418 U.S. at 566 – 67. "Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* at 566. The limitation on the right to call witnesses was deemed appropriate because "[m]any prison officials, on the spot and with the responsibility for the safety of inmates and staff, are reluctant to extend the unqualified right to call witnesses; and … must have the necessary discretion without being subject to unduly crippling constitutional impediments." *Id. at* 566 – 67.

Although the Supreme Court in *Wolff* did not "prescribe it," the Court stated that "it would be useful for the [hearing officer] to state [the] reason for refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases." *Id.* at 566. If a

hearing officer refuses to call a material witness and fails to provide reasons for the refusal in the administrative hearing record, it does not necessarily follow that a due process violation has occurred. *Ponte v. Real*, 471 U.S. 491, 492 (1985). While "prison officials may be required to explain, in a limited manner, the reason why witnesses were not allowed to testify, … they may do so either by making the explanation a part of the 'administrative record' in the disciplinary proceeding, or by presenting testimony in court if the deprivation of a 'liberty' interest is challenged because of that claimed defect in the hearing." *Id.* at 497.

Plaintiff alleges Defendant Abbott "refused to call all plaintiff's witnesses." (ECF No. 49 at 6.) He also asserts that Defendant Abbott did not state the reason for the refusal in the space provided on the disciplinary hearing summary decision form. (*Id.*; *see also* First Am. Compl. App'x 2, ECF No. 25-2 at 22.) Plaintiff alleges that he requested five witnesses: Officer Graves, Officer Pease, Officer Gordan, Officer Therrien, and prisoner Albert Dadiago. (ECF No. 25 at 12, ¶ 38.) Plaintiff provided Defendant Abbott with a statement in which he represented that Officer Berube and Mr. Dadiago, both witnesses to the underlying incident, would provide testimony that would counter the charge. (First Am. Compl. App'x A at 12, ECF No. 25-2.) The witnesses appear to be material and on the current record, the reason for Defendant Abbott's decision not to permit the witnesses to testify is not apparent. Plaintiff therefore has stated a due process claim based on Defendant Abbott's alleged refusal to permit Plaintiff to call certain witnesses at the hearing. *Ponte*, 471 U.S. at 497.

Plaintiff, however, cannot rely on the substance and nature of Defendant Abbott's decision to support his due process claim. The third requirement of due process requires a written statement of the reasons for the decision and the supporting evidence. Defendant Abbott's disciplinary hearing summary, which summary contains a written statement providing the reason for Defendant

11

Abbott's decision and the supporting evidence, is attached to Plaintiff's first amended complaint as Appendix A. This written statement reflects that Defendant Abbott based his decision on "the staff report." Plaintiff alleges that the reports offered by the staff (Officer Mendez and Officer Graves) were not evidence because neither Officer Mendez nor Officer Graves could provide a first-hand account as neither officer witnessed the underlying incident. (Complaint at 1, ECF No. 1; First Am. Compl. at 7, ECF No. 49.) Plaintiff objects to any consideration of the Mendez report because, according to Plaintiff, Defendant Mendez should not have been permitted to investigate a disciplinary report that he wrote. (First Am. Compl. at 13, ¶ 45.)

Under the "some evidence" standard, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455 – 56 (emphasis added). "Ascertaining whether [the 'some evidence'] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* at 455. A written disciplinary report completed by a non-witness, investigating officer based on interviews with staff witnesses can satisfy the "some evidence" standard, even though it might be considered inadmissible hearsay in a criminal trial. *Griffin v. Spratt*, 969 F.2d 16, 22 (3d Cir. 1992) ("[T]here can be no question that it is constitutional to rely on such testimony as the basis for a decision in a prison disciplinary proceeding, where hearsay is allowed."); *Rudd v. Sargent*, 866 F.2d 260, 262 (8th Cir. 1989) (affirming dismissal of prisoner's complaint for failure to state a claim). Defendant Abbott's reliance on the statements of staff members thus does not constitute a due process violation.

    d.  <u>Defendant Ross</u>

Plaintiff alleges that Defendant Ross violated his rights because he did not reverse Defendant Abbott's decision despite alleged violations of prison procedure and constitutional

standards. Because Plaintiff has alleged a due process violation related to the denial of material witnesses whose testimony allegedly would have been inconsistent with the charge, and because Defendant Ross was in the position to remedy the alleged wrong, Defendant Ross is also an appropriate defendant on the due process claim. *James v. Aidala*, 389 F. Supp. 2d 451, 453 (W.D.N.Y. 2005) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (supervisory defendant's personal involvement in constitutional deprivation may be demonstrated where, inter alia, "the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, [or] the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom").

**B.     Equal Protection**

In his memorandum in support of his motion for leave to supplement the pleadings, Plaintiff argues that the due process violations support an equal protection claim because ordinarily a prisoner whose disciplinary charge is expunged would be reinstated to his prison job. (Motion at 5 – 6, ECF No. 49.)

Plaintiff's allegations do not suggest the existence of discriminatory animus toward Plaintiff based on his membership in a protected class, and Plaintiff therefore fails to state a claim based on membership in a protected class. *Fleming v. Dep't of Corr.*, 92 F.3d 1169 (1st Cir. 1996) (per curiam) (unpublished). The Supreme Court, however, has recognized that in some circumstances a person can be a "class of one" where the evidence demonstrates that the plaintiff was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (concerning disparate treatment with respect to village resident's right to connect her home to municipal water supply). However, the class-of-one rubric has not been applied to every

kind of governmental decision-making. For example, the Supreme Court has held that class-of-one claims may not be brought in the context of public employment. *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591 (2008). Simply stated, Plaintiff's interest in maintaining his prison job is not entitled to protection under the Equal Protection Clause where the Clause would not afford protection to a non-prisoner government employee.

**C.     Retaliation**

As explained in the prior Recommended Decision, Plaintiff's retaliation claim states a claim against Defendants Liberty, Mendez, and Ross. The supplemental complaint, however, lacks any facts to support a claim against Defendant Payson.

## CONCLUSION

Based on the foregoing analysis, Plaintiff's Motion for Leave to Supplement the Pleadings (ECF No. 41) is granted in part. Plaintiff's supplemental pleading (ECF Nos. 41-2, 41-3) is accepted for filing. Plaintiff's claim in the supplemental pleading that Defendants Abbott and Ross violated his due process rights when he was not permitted to call certain witnesses at the disciplinary hearing and was deprived of $75 in his prison account, together with Plaintiff's amended complaint (ECF No. 25), will be the operative pleading. Defendants' answers to the amended complaint (ECF Nos. 26, 36) shall be deemed to be Defendants' answers to the operative pleading. Defendants are not required to file an additional responsive pleading. Plaintiff's request to supplement his complaint is otherwise denied.

## NOTICE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of September, 2016.